(22 Misc. Rep. 586.)

CURTIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. ·February, 1898.)

LEAVE TO APPEAL—APPLICATION—HEARING.

Under Code, § 1344, providing that the "justice or justices" holding the appellate term, and determining an appeal from an inferior court, may grant leave to appeal to the appellate division, an application for such leave should not be made to the judges who rendered the decision, when the application is made at the term following that at which the decision was rendered, as required by rule 7, but to the justices designated to hold such term.

Application for leave to appeal to court of appeals. Denied. For former opinion, see 48 N. Y. Supp. 581.

Argued before DALY, BISCHOFF, and McADAM, JJ.

H. A. Robinson, C. F. Brown, and J. T. Little, Jr., for the motion. Charles Steckler. opposed.

McADAM, J.    The state constitution (article 6, § 5) provides that "appeals from inferior and local courts now heard in the court of common pleas * * * shall be heard in the supreme court in such manner and by such justice or justices" as the appellate division shall direct.    Similar language is found in section 1344 of the Code; and it is further provided that the "justice or justices by whom such appeal was determined may allow an appeal to be taken" to the appellate division.    The name "appellate term" is purely an arbitrary designation, apparently justified by the rules and regulations pertaining to such appeals, for it is nowhere found in the constitution or the statute.    The assignment of Justices Daly, McAdam, and Bischoff to hold the appellate term ceased December 31, 1897, and thereafter all power to hear appeals from the city court and district courts, or any applications in respect thereto, passed to Justices Beekman, Gildersleeve, and Giegerich, who were duly assigned to hear such appeals during the year 1898, as fully as if the official terms as supreme court justices of those previously designated had expired by lapse of time.    The words "justice or justices" in the constitutional and Code provisions are used in the same sense as are the words "the general term from whose decision or determination such an appeal shall be taken" in section 11 of the former Code, as amended in 1874; and these last quoted were held to include the succeeding general term, though composed of different justices.    Sprague v. Telegraph Co., 64 N. Y. 658.    The application for leave to appeal to the appellate division was therefore properly submitted to Justices Beekman, Gildersleeve, and Giegerich at the January, 1898, term, and cannot be entertained by their predecessors.    Such submission was in strict conformity with rule 7 of the supreme court rules regulating the hearing of appeals from the city court and district courts.    This rule requires that the application for leave to appeal be made at the next term after the announcement of the decision sought to be reviewed, which confirms the conclusion that the hearing must be before the justices having authority to hold said term.

The application for leave to appeal submitted to the justices at the January, 1898, term, appears to have been denied by them; and, if the appellant needs any relief, it can be had only by obtaining a reargument of the motion so submitted.    All concur.